UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Paul Albert Obersteller, § | | |
| Appellant, § | | |
| § | | |
| v. § | C.A. No.02:06-cv-451 | |
| § | | |
| § | | |
| Select Portfolio Servicing F/K/A § | | |
| Fairbanks Capital Corporation § | | |
| Appellee. § | | |

## MEMORANDUM OPINION AND ORDER TO DISMISS APPEAL

Pending before the Court is appellee's Motion to Dismiss Appeal (D.E. 4). Appellee argues that dismissal is proper because the pro se appellant has failed to timely file a brief under FED. R. BANK. PRO. 8009(a)(1), has failed to pay the filing fees required by FED. R. BANK. PRO. 8001(a), and has failed to timely designate a record and issues on appeal as required by FED. R. BANK. PRO. 8006. Referring to the underlying bankruptcy and state court proceedings, appellee argues that this appeal is another in a long list of bad faith attempts to avoid eviction from a house that was the subject of a foreclosure six months ago.

Appellant filed what this Court construes as a response to the motion to dismiss (D.E. 6), seeking leave to designate a record and issues, and asking the Court to sanction appellees under FED. R. CIV. PRO. 11 and for violating an order issued by the United States District Court for the District of Massachusetts in 2003. Appellant does not offer any reasons for his failure to comply with the relevant procedural rules. He does not seek leave or show any

intention to file a brief in his pro se appeal.

Appellant also recently filed a puzzling document related to the outstanding filing fees in this case (D.E. 5).  There, appellant cites "House Joint Resolution (HJR) 192, of 5 June 1933" and 31 U.S.C. § 5118 (2006), as applicable to the issue of filing fees.  House Joint Resolution 192 of 1933 involved the suspension of the gold standard.  H.J.R. 192, 73d Cong. (1933); *see also U.S. v. Lee*, 427 F.3d 881, 888 (11th Cir. 2005) (discussing the resolution); *Holyoke Water Power Co. v. American Writing Paper Co.*, 300 U.S. 324, 339 n.1 (1937) (reproducing the resolution in full).  This resolution was enacted and is today codified as 31 U.S.C. § 5118(d), which specifies that obligations requiring repayment in gold and issued after October 1977 are satisfiable by fiat money.

The statute and resolution are entirely irrelevant.  Appellant, in arguing that "there is no ownership of property or money possible," is apparently making the defunct legal argument that the resolution and statute are unconstitutional, and that the lack of a gold standard makes all repayment impossible.  This argument, though a favorite of ardent proponents of the gold standard, has been repeatedly rejected since 1935.  *Norman v. Baltimore & O.R. Co.*, 294 U.S. 240, 303–307 (1935); *Holyoke Water Power Co.*, 300 U.S. at 340–341.  The Court construes docket entry 5 not as motion to proceed in forma pauperis but as a frivolous legal argument.

While dismissal is required for the failure to timely file a notice of appeal, this Court has discretion in deciding to dismiss an appeal for  failure to conform with other procedural rules.   FED. R. BANK. PRO. 8001(a); *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000).

Dismissal is an appropriate exercise of discretion under Rule 8001(a) when there is prejudice and when the appellant has exhibited "obstinately dilatory conduct." *In re CPDC Inc.*, 221 F.3d at 699.

Appellant has engaged in obstinately dilatory conduct. *Id.* He has failed to timely file a brief. He has failed to file a record and issues on appeal. He has failed to pay his filing fees. He has not communicated with opposing counsel. He has made frivolous legal arguments for not paying his filing fees, and what is likely a frivolous motion for sanctions. Appellant's unreasonable delay has caused appellee prejudice.

The Court GRANTS Appellee's Motion to Dismiss Appeal (D.E. 4). This appeal is dismissed with prejudice.

Ordered this 6th day of February, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE